UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) | 

No. 2:20-cv-03785-ALM-KAJ

<u>CLASS ACTION</u>

Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

This Document Relates To:

ALL ACTIONS.

PLAINTIFFS' POSITION STATEMENT
REGARDING DEFENDANT DONALD SCHNEIDER'S DEPOSITION

MURRAY MURPHY MOUL
 + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com

Class Counsel

Defendants Charles Jones and Michael Dowling's ("J-D") position statement regarding the deposition of defendant Donald Schneider confirms that the parties are talking past each other, as they confirm exactly Plaintiffs believed: J-D are using the civil discovery in this case "as a 'back door' method to obtain broad discovery and circumvent the narrow criminal discovery rules." *United States v. Two Hundred Eighty-Four Thousand Nine Hundred Forty-Two & 00/100 Dollars ($284,942.00) in United States Currency*, 2020 WL 8514829, at *2 (S.D. Ohio Dec. 10, 2020).[1] J-D admit that they "used [a portion of the recent Schneider deposition] to dispute the State's motion" in their criminal case. *See* 10/8/25 J-D Position Statement at 3. Depositing a State's witness is undeniably broader discovery than the criminal discovery rules allow. Therefore, J-D admit that they did what Courts order stays of civil discovery to prevent.

What J-D fail to appreciate is that their "back door" use of the broad civil discovery they can take in this case need not be their sole, or even a significant, motivation. *$284,942.00 in U.S. Currency*, 2020 WL 8514829, at *2. Because their criminal case concerns a subpart of the conduct at issue in this case, they will always be able to point to a connection to this case. Again, though, that is not the standard. Rather, what Courts in this district are "very concerned about [are] Defendants in [a] criminal case using [a] civil case as a back door method to obtain discovery outside the scope of" the rules of criminal procedure. *United States v. Contents of Nationwide Life Ins. Annuity Acct.*, 2007 WL 682530, at *1 (S.D. Ohio Mar. 1, 2007).

And the Courts should be concerned. The rules of criminal procedure, as well as federal and state constitutions, already provide abundant (and often one-sided) protections for criminal defendants. If on top of those rights, criminal defendants were to also enjoy unfettered access to civil discovery, the scales would tip way too far in their favor: "[P]ermitting [a defendant] to

---

[1]  Unless otherwise noted, all emphasis is added and citations are omitted.

- 1 -

4939-1714-9041.v1

depose prospective Government witnesses through civil discovery would substantially and irreparably prejudice the Government because it would allow [a defendant] to gain advance notice of the witnesses' testimony in the criminal prosecution and an opportunity to shape his own testimony." *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 908 (S.D. Tex. 2008).

J-D's admission that they used the recent Schneider deposition in their criminal case confirms the need for better safeguards, as Judge Marbley has explicitly recognized that "'the public interest in effective criminal prosecution generally outweighs any existing civil interests.'" *Commodity Futures Trading Comm'n v. Giri*, 2023 WL 2759810, at *4 (S.D. Ohio Apr. 3, 2023). Judge Marbley also held that a ***one-year*** "stay would only ***minimally*** delay the resolution of this matter given the ***short duration*** of the stay and the high likelihood that the record developed in the criminal matter will streamline the issues to be resolved in the civil litigation." *Id.* Here, Plaintiffs' proposal doesn't seek anything close to the complete stay that Judge Marbley ordered in *Commodity Futures*. Rather, nearly all discovery will continue with J-D as full participants. They simply won't be able to pursue or initiate any discovery. Moreover, while Judge Marbley deemed a year-long stay to be a "short duration" and a "minimal[] delay" (*id.*), we are talking about a length of time that Jones' own lawyer described as "a mere four months." 10/6/25 Special Master Hr'g Tr., ECF 862 at PageID 20401 (17:22).

Plaintiffs' proposal is a generous compromise, considering J-D's track record of discovery-related conduct long before their use of the Schneider deposition in their criminal case. The Special Master has found their conduct concerning the withholding of documents to be "discomforting, to put a polite label on it" and to "reek of gamesmanship." Order and Report and Recommendation by Special Master, ECF 784 at PageID 18127. Equally concerning is J-D's lawyers' lack of contrition. Having already confessed to withholding documents in this case,

initiating contact with the State AG's Office about these documents, and not denying that they "suggest[ed]" a retroactive designation to prevent the documents from being produced in this case (10/8/24 Special Master Hr'g Tr., ECF 703-1 at PageID 15249-50 (34:24-35:3); 10/31/24 Special Master Hr.'g Tr., ECF 723-1 at PageID 16734 (71:9-17); Decl. of Matthew E. Meyer, ECF 705-1, at PageID 15346-48), Jones' lawyer recently proclaimed it was "demonstrably false" for the State AG's Office to assert that they had "requested" that the State retroactively designate these documents as confidential (10/6/25 Special Master Hr'g Tr., ECF 862 at PageID 20400 (16:1-6)). Tellingly, counsel expressed this indignation while simultaneously opposing the State AG's September 29, 2025 de-designation of these documents (10/6/25 Special Master Hr'g Tr., ECF 862 at PageID 20402 (18:4-14)).  Now that the State has de-designated the documents J-D withheld, Plaintiffs are entitled to see and respond to J-D's and the State's submissions concerning them.

At the most basic level, J-D have not offered a single reason why it is important, let alone imperative, to their defense *in this case* that they be allowed to pursue or initiate discovery during the next four months.  This implicitly concedes the obvious:  the only urgency is their impending criminal trial.  For example, J-D raced to file an eight-page opposition to the State's motion to stay the deposition of Scott Elisar, but failed to include so much as a sentence explaining why it would even potentially harm their defense *in this case* if they were unable to depose Mr. Elisar before having the opportunity to cross-examine him during their January 2026 criminal trial.  *See* Dowling's Opp. to Mot. to Stay Depo. of Scott Elisar, ECF 861 at PageID 20337-46.

J-D's admission that they used the Schneider deposition in their criminal case confirms that they are "Defendants in [a] criminal case using [a] civil case as a back door method to obtain discovery outside the scope of" the rules of criminal procedure.  *Contents of Nationwide Life Ins.*

- 3 -

*Annuity Acct.*, 2007 WL 682530, at *1.  A partial stay of a "mere four months" is in order.  10/6/25 Special Master Hr'g Tr., ECF 862 at PageID 20401 (17:22).

| | |
|---|---|
| DATED:  October 9, 2025 | Respectfully submitted, |

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)


 */s/ Joseph F. Murray*
           JOSEPH F. MURRAY

1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (*pro hac vice*)
MARK SOLOMON (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
marks@rgrdlaw.com

Class Counsel

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, a copy of the foregoing was sent via email to Special Master Shawn K. Judge along with Liaison counsel for Plaintiffs and Defendants. I understand that this submission will be sent accordingly to counsel for the parties by email via Liaison counsel.

                                            */s/ Joseph F. Murray*
                                            Joseph F. Murray